I. Background
The Debtor commenced a voluntary Chapter 7 petition on January 17, 2014. On Schedule A, the Debtor identified her interest in real property located at 423 W. Stocker Street, Unit # 8, Glendale, CA 91202 (the "Property") [Doc. No. 1]. The Debtor did not claim an exemption in the Property on Schedule C. Id.
On March 28, 2014, the Chapter 7 Trustee filed a Report of No Distribution. On May 4, 2014, the Debtor received her discharge and the Court closed her case on May 6, 2014.
A. First Lien Avoidance Motion
On August 17, 2018, the Debtor moved to reopen her case to file a motion to avoid a judicial lien in favor of WVJP 2017-1, LP, successor-in-interest to Vahan Grigoryan (the "Lienholder") [Doc. No. 15]. On August 23, 2018, the Court entered an Order on Debtor's Motion to Reopen Bankruptcy Case Pursuant to Local Bankruptcy Rule 5010-C; 11 U.S.C. § 350(B) [Doc. No. 17] (the "First Order Granting Motion to Reopen").[1]
On September 25, 2018, the Debtor filed a Motion to Avoid Lien Under 11 U.S.C. § 522(f) (Real Property) [Doc. No. 19] (the "First Lien Avoidance Motion") under Local Bankruptcy Rule ("LBR") 9013-1(o) seeking to avoid Lienholder's judicial lien against the Property. On October 15, 2018, the Court entered an order approving a stipulation between the Debtor and Lienholder extending the deadline for Lienholder to oppose the First Lien Avoidance Motion from October 12, 2018 to October 22, 2018 [Doc. No. 21]. On October 22, 2018, Lienholder filed its Notice of Opposition and Request for a Hearing and Opposition to Debtor's Motion to Avoid Lien Under 11 U.S.C. § 522(f) (Real Property) [Doc. No. 23] (the "Opposition") and related Declaration of Anthony O'Neill [Doc. No. 24].
After finding that the Debtor failed to timely schedule a hearing on the First Lien Avoidance Motion in accordance with LBR 9013-1(o)(4), the Court entered an Order Denying Without Prejudice Debtor's Motion to Avoid Lien Under 11 U.S.C. § 522(f) (Real Property) for Failure to Prosecute [Doc. No. 27]. On January 24, 2019, the Debtor's case was closed.
*647 B. Second Lien Avoidance Motion
On February 6, 2019, the Debtor moved to reopen her case to again file a motion to avoid Lienholder's lien [Doc. No. 30]. On February 7, 2019, the Court reopened the Debtor's case [Doc. No. 31].
On February 17, 2019, the Debtor filed a substitution of attorney [Doc. No. 33]. On February 20, 2019, the Debtor filed an Amended Schedule C, in which the Debtor first asserted an exemption in the Property pursuant to California Code of Civil Procedure ("CCP") § 703.140(b)(1) in the amount of $25,575 [Doc. No. 34].
On March 3, 2019, the Debtor filed the second Motion to Avoid Lien Under 11 U.S.C. § 522(f) (Real Property) [Doc. No. 35] (the "Second Lien Avoidance Motion") under LBR 9013-1(o), pursuant to which the Debtor renewed her request to avoid Lienholder's judicial lien. On March 15, 2019, the Lienholder again filed a timely opposition and request for hearing [Doc. Nos. 36 and 37]. Accordingly, pursuant to LBR 9013-1(o)(4), the deadline for the Debtor to notice a hearing date with respect to the Second Lien Avoidance Motion was March 29, 2019. The Debtor did not timely comply.
On April 2, 2019, the Court entered the Order Denying Second Lien Avoidance Motion, but this time did so with prejudice, based upon the Debtor's second failed attempt to prosecute [Doc. No. 41].
C. The Reconsideration Motion
On April 3, 2019, the Debtor filed her Reconsideration Motion. The Debtor requests that the Court vacate the Order Denying Second Lien Avoidance Motion under Federal Rule of Civil Procedure ("Civil Rule") 60(b)(1)(6) and provide her an opportunity to have her Second Lien Avoidance Motion be heard on the merits.
The Debtor states that relief under Civil Rule 60 is appropriate because her failure to timely notice a hearing on the Second Lien Avoidance Motion was the result of excusable neglect by her attorney, Richard Avetisyan, who had to undergo an emergency surgery. The Debtor attaches the Declaration of Richard Avetisyan (the "Avetisyan Decl.") in support of the Reconsideration Motion. Mr. Avetisyan testifies that he underwent surgery on March 7, 2019 and that "[d]ue to post-operative recovery and the medications [he] was prescribed after the surgery [he] was only able to return to work on a limited basis and for only a few hours on March 27, 2019." Avetisyan Decl., ¶¶ 5-6. Mr. Avetisyan further testifies that he was back at work on April 1, 2019 and contacted Lienholder's attorney to explain why he had not timely noticed a hearing date on the Second Lien Avoidance Motion. Id. at ¶ 7. However, Mr. Avetisyan states that before he was able to file a request for a hearing, the Court issued the Order Denying Second Lien Avoidance Motion. Id.
II. Findings and Conclusions
Civil Rule 60(b) permits the Court to relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." Civil Rule 60(b)(1), (6). As the Ninth Circuit has explained, Civil Rule 60(b)(6)"should be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment. Accordingly, a party who moves for such relief must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with ... the action in a proper fashion."
*648 Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.) , 503 F.3d 933, 941 (9th Cir. 2007) (internal citations and quotations omitted).
The Debtor has not demonstrated that extraordinary circumstances prevented her from timely complying with LBR 9013-1(o)(4). While the Court acknowledges that unexpected illness and surgeries cannot be avoided, Mr. Avetisyan does not state that he was incapable of complying with LBR 9013-1(o)(4). Instead, he states that he was only working on a limited basis and concedes that on April 1, 2019, prior to the Court's entry of the Order Denying Second Lien Avoidance Motion, he was able to reach out to Lienholder's counsel regarding the scheduling of a hearing. Mr. Avetisyan does not provide any explanation as to why he could not have used the limited time he was working to file the proper notice or make adequate arrangements with another attorney or one of his staff members to prepare and timely file a notice of hearing on the Second Lien Avoidance Motion.[2] Mr. Avetisyan also does not explain why he failed to contact the Court on March 27 or April 1, 2019, to make the Court aware of his surgery and related recovery or give notice of his intention to schedule a hearing on the Second Lien Avoidance Motion.
The Court finds the Debtor's failure to comply with LBR 9013-1(o)(4) particularly troubling in this case given the Court's previous denial of the Debtor's First Motion to Avoid Lien for the same failure to prosecute. In this instance, the Debtor was on notice of Lienholder's Opposition to her First Lien Avoidance Motion and could have reasonably anticipated that Lienholder would also oppose her Second Lien Avoidance Motion. The Debtor was not obligated to proceed under LBR 9013-1(o). The Debtor could have elected to schedule a hearing on the Second Lien Avoidance Motion at the time of filing. However, because the Debtor elected to proceed under LBR 9013-1(o), she was obligated to timely comply with the notice requirements of LBR 9013-1(o)(4).
For the reasons set forth above, the Court finds that the Debtor's lack of compliance was not the result of circumstances beyond her reasonable control. The Court further finds that, given that the Court already afforded the Debtor a second opportunity to prosecute her lien avoidance motion, denial of the Reconsideration Motion will not result in manifest injustice.
III. Conclusion
For the reasons set forth above, the Debtor's Reconsideration Motion is DENIED. The Court will enter an order consistent with this Memorandum Decision.

As set forth in the First Order Granting Motion to Reopen, the deadline for the Debtor to file the contemplated lien avoidance motion was September 24, 2018 [Doc. No. 17]. However, the Debtor waited until September 25, 2018 to file the First Lien Avoidance Motion [Doc. No. 19].

As highlighted by Lienholder, it appears that Mr. Avetisyan was well enough to either personally, or with the assistance of a coordinated third party, file a new bankruptcy case for a different client on March 27, 2019. See In re Arshak Mike Rostomyan , Bankruptcy Case No. 2:19-bk-13418-ER. The Court takes judicial notice of page seven of the petition in that case, which contains Mr. Avetisyan's holographic signature and is dated March 27, 2019 [Doc. No. 1].